OPINION
{¶ 1} This accelerated appeal arises from the Ashtabula County Court of Common Pleas. Plaintiff-appellant, Joseph P. Thirion ("Thirion"), appeals the judgment of the trial court, granting a motion to enforce settlement agreement brought by defendant-appellee, Robert J. Neumann ("Neumann").
 {¶ 2} On September 23, 2001, Thirion sustained serious injuries while riding his motorcycle, as a result of Neumann turning left in front of Thirion, causing a collision. Thirion subsequently filed suit on January 10, 2002. Neumann subsequently stipulated to liability, and the matter was set for mediation. Thirion's medical expenses were calculated at $44,928.17. Neumann's insurance policy limits were $100,000.
 {¶ 3} On November 7, 2002, prior to mediation, telephone negotiations were held between Thirion's counsel, Attorney Buss, and an insurance claims adjuster, Arnold Dudt. The substance of this telephone negotiation is in dispute. Thirion contends that Dudt offered the $100,000 policy limit, but for pain and suffering damages only. Thirion contends that he understood that his medical costs would also be paid by Neumann, or that the health insurance company would waive all subrogation rights.
 {¶ 4} Neumann contends, and the trial court agreed, that Dudt offered the full policy limit of $100,000, which included all damages. Neumann argues that the telephone negotiations of November 7, 2002, resulted in a complete verbal settlement agreement between the parties. Neumann offered the full policy limit in return for Thirion executing a full and complete release of all claims against Neumann. Neumann argues that, only after learning that his health insurance carrier would not waive its subrogated interest, did Thirion subsequently refuse to abide by the terms of the settlement agreement.
 {¶ 5} On December 10, 2002, Neumann filed a motion to enforce settlement agreement, and Thirion filed a motion in opposition on December 23, 2002. In a judgment entry dated December 30, 2002, the trial court held:
 {¶ 6} "The court finds that plaintiff's attorney was authorized to enter into a binding agreement on the plaintiff's behalf and that the adjuster, Arnold Dudt was authorized to enter into a binding agreement on behalf of the defendant's insurance company, State Farm; that on November 7, 2002, there was an offer and acceptance, supported by adequate consideration, resulting in a verbal agreement as to all of the terms and conditions of settlement between the parties; that the verbal agreement is valid and binding and resulted in a full and complete settlement of this litigation."
 {¶ 7} The court then ordered that Neumann's insurance carrier pay $100,000 and Thirion execute a full and complete release of Neumann. Thirion subsequently filed this appeal, citing a single assignment of error:
 {¶ 8} "The trial court erred and abused its discretion by granting appellee's motion to enforce settlement."
 {¶ 9} Thirion argues that, as the telephone settlement discussion only involved discussion of a monetary amount and excluded any other terms, it was not an enforceable contract of settlement.
 {¶ 10} A valid settlement agreement is a binding contract between the parties which requires a meeting of the minds as well as an offer and acceptance.[1] Thus, a settlement agreement must meet the essential requirements of contract law before it will be subject to enforcement.[2]
Moreover, "it is within the sound discretion of the trial court to enforce a settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement."[3]
 {¶ 11} In the instant case, along with the motion to enforce settlement, Neumann included an affidavit from Arnold Dudt, the claims adjuster, as well as correspondence between counsel for both parties. A letter dated July 18, 2002, from appellant's counsel states, "[w]e are demanding settlement of this matter in the amount of the policy limits, which I believe is $100,000.00."
 {¶ 12} Neumann's motion also included a letter dated November 8, 2002, to Thirion's attorney from Dudt, confirming the terms of the settlement negotiations. The letter states, "[y]ou will recall that you agreed to conclude the bodily injury of Mr. Thirion for $100,000.00 inclusive of the medical subrogation claim. Specifically the medical subrogation claim of Primax Recoveries. Further, you have agreed to give a full and final release against our insured in exchange for the $100,000.00."
 {¶ 13} In a letter from Thirion's counsel to Neumann's counsel, dated November 21, 2002, which was two weeks after the telephone negotiations, Thirion's counsel states that Thirion has "reconsidered the settlement and wishes to proceed forward with his lawsuit."
 {¶ 14} In his motion in opposition, Thirion attached his affidavit contending that he did not agree to the policy limit settlement as it was dependent upon the amount that he "owed to the health insurance company or it's representative."
 {¶ 15} Thirion argues that there was a dispute regarding the settlement terms and the trial court should have held an evidentiary hearing on the matter. Where there is a dispute regarding the meaning of the terms of a settlement agreement or where there is a dispute of whether a valid settlement agreement exists, a trial court must conduct an evidentiary hearing.[4]
 {¶ 16} In the instant case, there is a clear dispute as to whether a settlement agreement exists. This is precisely the scenario contemplated by the Supreme Court of Ohio when it held in Rulli v. FanCo. that:
 {¶ 17} "Where parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties. To do so would be to deny the parties' right to control the litigation, and to implicitly adopt * * * the interpretation of one party, rather than enter judgment based upon a mutual agreement."[5]
 {¶ 18} Based on the foregoing, we find Thirion's assignment of error to be with merit. The judgment of the trial court is reversed, and the cause is remanded for an evidentiary hearing to determine whether a valid settlement agreement exists.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376, citing Noroski v.Fallet (1982), 2 Ohio St.3d 77, 79.
[2] Id.
[3] Mentor v. Lagoons Point Land Co. (Dec. 17, 1999), 11th Dist. No. 98-L-190, 1999 Ohio App. LEXIS 6127, at *11.
[4] Rulli, syllabus.
[5] Rulli at 377.