OPINION
{¶ 1} This accelerated appeal arises from the Portage County Court of Common Pleas wherein, appellant, Lynn Ann Lepole appeals the trial court's order enforcing a settlement agreement.
 {¶ 2} In April 2000 appellant sustained injuries to her teeth and jaws after eating cole slaw which contained a two-inch foreign object at a Long John Silver's restaurant in Streetsboro. On October 2, 2002, appellant filed a claim against the Long John Silver's restaurant in Streetsboro, Performance Food Corporation (the owner and franchise holder of that restaurant), and Long John Silver's Corporation (the franchisor).
 {¶ 3} On November 19, 2001, the defendants offered to settle the case for $1,500. Appellant rejected that offer. According to the record, on August 21, 2002, counsel for appellant, Bradley McClain ("McClain"), contacted Long John Silver's regarding the settlement offer. A settlement agreement was then reached and a settlement release, dismissal, and the funds were forwarded to McClain on September 5, 2002.
 {¶ 4} On October 10, 2002, McClain then contacted defense counsel to inform him that he was filing a motion to extend discovery and that appellant was consulting with another physician regarding her injuries.
 {¶ 5} Appellees filed a brief in opposition to the request for extension of discovery, requesting the court reduce the settlement agreement to judgment. Appellant then filed a motion to rescind the settlement agreement, arguing that, although there may have been an agreement, plaintiff did not want to sign the agreement, as she wanted to consult with one last physician.
 {¶ 6} An evidentiary hearing before a magistrate was scheduled for December 9, 2002. On December 4, 2002, McClain withdrew as counsel. At the hearing, appellant testified that she was aware of the $1,500 settlement offer but never gave McClain the authority to accept the offer. She testified that her medical bills could total as much as $20,000. McClain was subpoenaed for the hearing but did not appear.
 {¶ 7} At the conclusion of the hearing, the magistrate issued a decision denying appellant's motion to rescind the settlement agreement, stating that "Even assuming that Attorney McClain did not have the actual authority to settle the case for $1500, he had the apparent authority to do so. Defendants properly relied on this apparent authority and settled the case in good faith. Any misconduct on the part of Plaintiff's counsel should not be visited upon Defendants."
 {¶ 8} The magistrate determined that appellees' motion to reduce the settlement to judgment should be granted and the case dismissed with prejudice. Appellant filed objections to the magistrate's decision on January 9, 2003. Those objections were overruled, and the magistrate's decision was adopted by the trial court on January 29, 2003.
 {¶ 9} Appellant subsequently filed this timely appeal, citing two assignments of error. The first assignment of error is:
 {¶ 10} "The trial court erred in finding that the Lepoles authorized McClain to settle their claims for $1,500 and that McClain had apparent authority."
 {¶ 11} The second assignment of error is:
 {¶ 12} "The trial court erred in concluding that any misconduct by McClain should be imputed to the Lepoles and that the remedy, if any, lies elsewhere and not again (sic) Long John Silver's."
 {¶ 13} In both her first and second assignments of error, appellant contends that the trial court erred in finding that the appellant authorized McClain to settle the claim and that any misconduct by McClain is imputed to appellant. Because of the related nature of both assignments of error, we shall address them jointly.
 {¶ 14} We first address the standard of review applicable to rulings on a motion to enforce settlement. Because it is an issue of contract law, Ohio appellate courts "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred."[1]
 {¶ 15} "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party."[2] It is also well settled that the neglect of an attorney is imputed to the party.[3]
 {¶ 16} As the trial court noted, in her motion to rescind the settlement agreement, appellant stated, "Plaintiff seeks to rescind and set aside the settlement agreement on the ground that she has information now that she did not have at the time she sought settlement." This would tend to negate her contention, offered here and at the hearing, that McClain lacked any authority to execute the settlement and, instead, reveals that appellant had a change of heart regarding the settlement. However, notwithstanding this contradiction, this court has held that when an attorney exceeds his settlement authority, that misconduct must be imputed to the client and the client's remedy lies elsewhere.[4]
 {¶ 17} In the instant case, appellant testified that McClain had no authority to execute a settlement agreement. However, appellees assert that they entered into the settlement agreement based on the good faith notion that, as appellant's counsel, McClain possessed the apparent authority to do so. As noted above, appellant did not argue a lack of apparent authority when the motion to rescind the settlement agreement was filed.
 {¶ 18} Therefore, when a party has entered into a settlement agreement on good faith, maintaining a suit against them because of supposed misconduct by the opposing party's own attorney is untenable. Thus, we conclude that the trial court did not err in finding that McClain possessed the apparent authority to execute the settlement agreement. Appellant's first assignment of error is without merit.
Diane V. Grendell, J., concurs.
William M. O'Neill, J., dissents with dissenting opinion.
[1] Continental W. Condominium Unit Owners Ass'n v. Howard E.Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502.
[2] (Citations omitted.) Mentor v. Lagoons Point Land Co. (Dec. 17, 1999), 11th Dist. No. 98-L-190, 1999 Ohio App. LEXIS 6127, at *7.
[3] GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 153.
[4] Mollis v. Rox Construction Company (Dec. 4, 1992), 11th Dist. No. 92-T-4688, 1992 Ohio App. LEXIS 6083, at *12.