{¶ 19} I must respectfully dissent. In order to have entered into a valid settlement agreement, there must have been an enforceable contract between the parties, consisting of a meeting of the minds, as well as an offer and an acceptance.[5] Without all of the essential elements of a contract, the parties cannot be deemed to have terminated all claims and stand prepared to end the litigation.[6]
 {¶ 20} In the instant case, the majority opinion concludes that a valid settlement agreement was reached when appellant's attorney entered into a verbal agreement with appellee. Subsequently, a written release and settlement agreement were drawn up and sent to appellant but were never formally executed. The majority concludes that, as appellant stated in her motion to rescind the settlement that she wished to set aside the settlement agreement based on new information, appellant simply had a change of heart and did not want to proceed with an already valid settlement.
 {¶ 21} However, this court has recently held that a verbal settlement agreement is not valid where there is a dispute over whether a settlement actually occurred.[7] In Thirion, verbal negotiations took place between the parties, which one party contended constituted a complete settlement agreement. The other party asserted that the negotiations failed to include all settlement terms and a subsequent written release and settlement were never executed.[8]
 {¶ 22} In the case sub judice, it is undisputed negotiations took place between appellant's attorney and appellee. However, appellant subsequently received new information which affected her desire to settle, and she never executed the written settlement agreement. "`Where parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties.'"[9]
 {¶ 23} Thus, appellant's counsel entered into settlement negotiations on her behalf but, as demonstrated by the unsigned settlement release, that settlement was never completed, and a valid, enforceable settlement agreement does not exist.
 {¶ 24} Therefore, based on the foregoing, I must respectfully dissent.
[5] Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376, citing Noroski v.Fallet (1982), 2 Ohio St.3d 77, 79.
[6] Id.
[7] Thirion v. Neumann, 11th Dist. No. 2003-A-0006, 2003-Ohio-6419.
[8] Id.
[9] Id. at ¶ 17, quoting Rulli, supra, at 377.