ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Defendant ITX Corporation, d.b.a. Cleveland Granite 
Marble ("ITX"), appeals from the order of the trial court which granted its motion for summary judgment but it awarded damages in an amount less than it sought in its complaint. For the reasons set forth below, we affirm.
 {¶ 2} On January 8, 2003, ITX filed a complaint against Ehab Saad and Eman Saad in the Parma Municipal Court for breach of contract and unjust enrichment. In relevant part, ITX alleged that it provided goods and services to defendants totaling $5,665 and that defendants owed it an unpaid balance of $3,665 plus interest.
 {¶ 3} On March 4, 2003, Ehab Saad filed an answer in which he averred that he had not paid the balance due to ITX because of various alleged problems with the materials and installation. The matter was subsequently scheduled for trial to the court on August 1, 2003.
 {¶ 4} On September 2, 2003, ITX filed a "Motion for Summary Judgment, To Show Cause and to Enforce Settlement Agreement." Within this motion, ITX asserted that it was entitled to judgment as a matter of law. In addition, ITX asked the Court to enforce a settlement agreement which it alleged that the parties had reached on July 29, 2003, and to find defendants in contempt of court for failure to comply with the agreement. According to ITX, following extensive negotiations, the parties agreed that defendants would pay ITX $3,000 within seven days in settlement of the dispute, and that each party would bear their own costs. On July 30, 2003, counsel for ITX confirmed the oral agreement with counsel for defendants via facsimile transmission, and also sent him a mutual release. That same day, counsel for defendants also sent counsel for ITX a release and settlement and the parties later agreed to the terms of ITX's release, "with certain modifications." Defendant did not tender payment as required, however. In support of the motion, ITX provided the court with Requests for Admissions which defendants had failed to answer, ITX's proposed Dismissal Entry, ITX's Mutual Release Agreement, correspondence from defendants, and defendant's Release and Settlement Agreement which provided in relevant part as follows:
 {¶ 5} "AGREEMENT
 {¶ 6} "Defendants shall, within seven (7) days of this Release and Settlement Agreement issue a check in the amount of $3,000."
 {¶ 7} Thereafter, on November 18, 2003, the trial court determined that there were no genuine issues of material fact and it entered judgment for ITX for $3,000 plus interest. ITX now appeals and presents the following interrelated assignments of error for our review:
 {¶ 8} "The trial court abused its discretion and committed prejudicial error granting an unopposed Motion for Summary Judgment against the Defendants in an amount less than that prayed for in the Complaint and established by the evidence."
 {¶ 9} "The trial court abused its discretion and committed prejudicial error by miscalculating and misapplying the interest rate to which Plaintiff is entitled."
 {¶ 10} Within this appeal, ITX contends that the trial court erred by awarding it the $3,000 contemplated by the parties in settlement for their dispute, rather than the $3,665 plus interest, the prayer for relief set forth in ITX's complaint.
 {¶ 11} As an initial matter, we note that the record clearly demonstrates that counsel for ITX invited the trial court to enforce the settlement agreement of July 29, 2003, whereby defendants agreed to pay ITX $3,000 and to find defendants in contempt of court for failure to pay it $3,000 per the terms of this agreement. Accordingly, counsel was "actively responsible" for the entry of damages in this amount and cannot now complain that the original prayer for relief is the true measure of damages. Cf. Duncan v. Stephens, Cuyahoga App. No. 83238, 2004-Ohio-2402.
 {¶ 12} Moreover, the trial court properly entered judgment in accordance with the provisions of the parties' oral agreement as memorialized in the facsimile transmissions from defendants' counsel to counsel for ITX.
 {¶ 13} "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." Continental W. Condominium Unit Owners Assn. v.Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502,660 N.E.2d 431; Miller-Finocchioli v. Mentor Landscapes SupplyCo., Inc. (1993), 90 Ohio App.3d 815, 819, 630 N.E.2d 785. Furthermore, settlement agreements are highly favored in the law.State ex rel. Wright v. Weyandt (1977), 50 Ohio St.2d 194,363 N.E.2d 1387, syllabus.
 {¶ 14} In Kostelnik v. Helper, 96 Ohio St.3d 1,2002-Ohio-2985, 770 N.E.2d 58, the Ohio Supreme Court held that an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract. The Court stated:
 {¶ 15} "It is preferable that a settlement be memorialized in writing. Pawlowski v. Pawlowski (1992), 83 Ohio App.3d 794,798-799, 615 N.E.2d 1071. However, an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract. Spercel v. Sterling Industries, Inc. (1972),31 Ohio St.2d 36, 39, 60 Ohio Op.2d 20, 285 N.E.2d 324. Terms of an oral contract may be determined from `words, deeds, acts, and silence of the parties.' Rutledge v. Hoffman (1947),81 Ohio App. 85, 36 O.O. 405, 49 Ohio Law Abs. 129, 75 N.E.2d 608, paragraph one of the syllabus; see, also, Ford v. Tandy Transp.,Inc. (1993), 86 Ohio App.3d 364, 380, 620 N.E.2d 996.
 {¶ 16} "`A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' Perlmuter Printing Co. v. Strome, Inc.
(N.D.Ohio 1976), 436 F. Supp. 409, 414. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. Episcopal Retirement Homes, Inc. v. OhioDept. of Indus. Relations (1991), 61 Ohio St.3d 366, 369,575 N.E.2d 134.
 {¶ 17} "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear, and if there is uncertainty as to the terms then the court should hold a hearing to determine if an enforceable settlement exists. Rulliv. Fan Co. (1997), 79 Ohio St.3d 374, 376, 377, 683 N.E.2d 337. Id., 96 Ohio St.3d at 2. Accord Hamlin v. Hamlin, Darke App. No. 1629, 2004 Ohio 2742.
 {¶ 18} "Terms of an oral contract may be determined from `words, deed, acts, and silence of the parties.'" Kostelnik v.Helper, supra, quoting Rutledge v. Hoffman (1947),81 Ohio App. 85, 49 Ohio Law Abs. 129, 75 N.E.2d 608, paragraph one of the syllabus.
 {¶ 19} Thus, where a party sends a settlement agreement to the opposing party via facsimile transmission, the opposing party accepts the offer, and both parties subsequently understand the matter to be settled, an enforceable settlement has been reached in accordance with the provisions set forth in the facsimile.Kaple v. Benchmark Materials, Seneca App. No. 13-03-60, 2004-Ohio-2620; Fowler v. Smith, Butler App. No. CA2003-02-042, 2003-Ohio-6257.
 {¶ 20} However, "it is well established that courts will give effect to the manifest intent of the parties where there is clear evidence demonstrating that the parties did not intend to be bound by the terms of an agreement until formalized in a written document and signed by both[.]" Berjian v. Ohio Bell TelephoneCo. (1978), 54 Ohio St.2d 147, 151, 375 N.E.2d 410.
 {¶ 21} In this matter, the record demonstrates that the parties entered into settlement negotiations and agreed to settle the case for $3,000. Counsel for defendant then faxed to counsel for ITX a release and settlement agreement which indicated that defendant would issue a check for $3,000 to ITX. Although it appears that there were continuing discussions about the exact terms of a separate Mutual Release Agreement, however, there is no dispute that defendants agreed to settle the matter by tendering $3,000 to counsel for ITX. In accordance with the foregoing, we conclude that the trial court properly determined that the parties had entered into a valid and enforceable agreement to settle the matter for $3,000, and the trial court therefore did not err in awarding ITX judgment in this amount, notwithstanding the fact that ITX sought a greater amount and interest in its prayer for relief.
 {¶ 22} In accordance with the foregoing, the assignments of error are without merit.
Affirmed.
Gallagher, J., and Calabrese, Jr., J., Concur.