OPINION
{¶ 1} Cynthia Saylor appeals from the judgment of the Portage County Court of Common Pleas, adopting the magistrate's decision, enforcing a settlement between Ms. Saylor and Rebecca Wilde. We reverse and remand.
 {¶ 2} The recitation of facts is largely derived from the transcript of hearing before the magistrate. *Page 2 
 {¶ 3} May 21, 2004, Ms. Saylor filed an action against Ms. Wilde in the trial court for personal injuries arising from an automobile accident occurring on or about May 31, 2002. Mediation took place May 1, 2006. During the mediation, Ms. Saylor evidently gave verbal authority to her attorney, David Leneghan, to settle, though she denied ever having specified a figure. Nevertheless, her final demand at mediation was $52,500; the final offer advanced by Ms. Wilde's insurer, Westfield Insurance, was $30,000.
 {¶ 4} May 8, 2006, Westfield adjustor Lee Ann Kynkor contacted Mr. Leneghan, and presented a settlement figure of $45,000. Ms. Kynkor was aware that Mr. Leneghan was negotiating with Ms. Saylor's insurer, State Farm, regarding a lien for medical payments advanced to her under her own policy of insurance. According to Ms. Kynkor, Mr. Leneghan accepted the $45,000 settlement offer, with the proviso that he required time to complete his negotiations with State Farm, so that he would be able to inform Ms. Kynkor to whom Westfield should make out the settlement check(s), and in what amounts. She denied ever being informed by Mr. Leneghan that he required further authority from his client to accept the $45,000 settlement offer. According to Mr. Leneghan, Ms. Kynkor knew the settlement at $45,000 was contingent upon him receiving further authority from his client, and working out a compromise of State Farm's lien.
 {¶ 5} Thereafter, Ms. Kynkor received a completed W-9 form from Mr. Leneghan, signed by his client, along with a cover letter dated May 22, 2006, stating, in pertinent part: *Page 3 
 {¶ 6} "[e]nclosed please find the taxpayer identification number and IRS form W-9 filled out by my client, Cynthia Saylor in connection with the agreed settlement. Please make the check payable to Cynthia Saylor and David Leneghan. I will be in contact with you in the next couple days to discuss finalizing the settlement."
 {¶ 7} Ms. Kynkor then received a letter from Mr. Leneghan, dated May 24, 2006, denying there was any settlement, since he required his client's approval of the $45,000 figure, and that he needed to negotiate further with State Farm.
 {¶ 8} June 12, 2006, Ms. Wilde filed a motion to enforce settlement. The matter was assigned to the magistrate, who held hearing August 11, 2006. That same day, the magistrate filed her decision, finding an enforceable settlement agreement between the parties. August 23, 2006, Ms. Saylor filed an objection to the magistrate's decision. November 7, 2006, the trial court overruled the objection, and adopted the magistrate's decision. November 30, 2006, Ms. Saylor timely appealed, assigning a single error:
 {¶ 9} "[1.] The trial court erred as a matter of law in concluding that a settlement had been reached between the parties."
 {¶ 10} In support of her assignment of error, Ms. Saylor argues that Mr. Leneghan lacked express or apparent authority to settle her claim. Alternately, she argues that a factual dispute exists concerning his authority to settle, due to the contradiction between his letter of May 22, 2006 to Ms. Kynkor, referring to an agreed settlement, and his own testimony and that of Ms. Saylor, at the August 11, 2006 hearing, that he lacked settlement authority.
 {¶ 11} A motion to enforce a settlement agreement which has not been entered as a judgment presents a claim for breach of contract.Mollis v. Rox Constr. Co., Inc. *Page 4 
(Dec. 4, 1992), 11th Dist. No. 92-T-4688, 1992 Ohio App. LEXIS 6083, at 10. "* * * [A] settlement agreement must meet the essential requirements of contract law before it will be subject to enforcement." Thirion v.Neumann, 11th Dist. No. 2003-A-0006, 2003-Ohio-6419, at ¶ 10. "* * * [T]here must have been an enforceable contract between the parties, consisting of a meeting of the minds, as well as an offer and an acceptance." LePole v. Long John Silver's, 11th Dist. No. 2003-P-0020,2003-Ohio-7198, at ¶ 19 (O'Neill, J., dissenting). Disputes regarding the existence of a valid settlement generally present an issue of fact. Cf. Thirion at ¶ 15. "It is within the sound discretion of the trial court to enforce a settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement." Mentor v. Lagoons PointLand Co. (Dec. 17, 1999), 11th Dist. No. 98-L-190, 1999 Ohio App. LEXIS 6127, at 11.
 {¶ 12} In this case, there is simply insufficient evidence of a meeting of the minds between Ms. Saylor and Ms. Wilde to find a valid contract to settle. Fundamentally, the magistrate, the trial court, and Ms. Wilde's insurer, Westfield, relied on the apparent authority of Ms. Saylor's attorney, Mr. Leneghan, to settle her claims for $45,000. It is we ll-recognized that a party may be bound by the conduct of his or her attorney in reaching a settlement. Cf. LePole, supra, at ¶ 16. Nevertheless, the mere fact a party has retained an attorney does not give that attorney authority to compromise. Cf. Morr v. Crouch (1969),19 Ohio St.2d 24, paragraph two of the syllabus. If an attorney settles without authority, a client may ratify the settlement by accepting its fruits, or acquiescing to its terms. Id. at 29. *Page 5 
 {¶ 13} In this case, the only indication Mr. Leneghan possessed authority to settle was gleaned from the mediation, where Ms. Saylor evidently authorized settlement for no less than $52,500. Nothing in the record, apart from Mr. Leneghan's continued representation of Ms. Saylor, indicated he had authority to settle for the $45,000 offered by Westfield. Ms. Saylor never signed a release. Cf. A B RefuseDisposers, Inc. v. Bd. of Ravenna Twp. Trustees (Mar. 29, 1991), 11th Dist. No. 90-P-2196, 1991 Ohio App. LEXIS 1482, at 7. Ms. Saylor did not accept the fruits of the alleged settlement; rather, she specifically disavowed Mr. Leneghan's authority to settle. Morr, supra, at 29.
 {¶ 14} There was no meeting of the minds between Ms. Saylor and Ms. Wilde regarding settlement. The assignment of error is with merit.
 {¶ 15} The judgment of the Portage County Court of Common Pleas is reversed, and this matter remanded for further proceedings consistent with this opinion.
 CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur. *Page 1