JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Denise Zama, appeals the judgment of the Cuyahoga County Court of Common Pleas that adopted the magistrate's decision and found a settlement was reached. For the reasons stated herein, we reverse the judgment of the trial court and remand the matter for further proceedings.
 {¶ 2} The following facts give rise to this appeal. Appellee, Schalmo Builders, Inc. ("Schalmo"), brought this action against Zama on March 26, 2003, claiming monies due for construction work on Zama's home.[1]
The complaint raised claims of breach of contract, account, unjust enrichment, and foreclosure of mechanic's lien. Schalmo sought damages in the amount of $94,000 and a decree of foreclosure on Zama's property.
 {¶ 3} Zama filed an answer and counterclaims for breach of contract and violations of the Ohio Consumer Sales Practices Act. After several continuances, trial was eventually set for August 25, 2005; however, it did not go forward on that date.
 {¶ 4} Zama's initial trial counsel on the case was Attorney David A. Freeburg. On September 2, 2005, Zama filed a notice of substitution of counsel in which Leonard F. Carr and L. Bryan Carr of The Carr Law Firm entered an appearance as substitute counsel for Zama. On the same date, Zama motioned the court to set an attorneys' conference.
 {¶ 5} In response to Zama's request, the trial court issued an order setting the matter for a telephone conference. The court also stated that it had been informed that a settlement *Page 4 
had been reached, but if that was not the case, a new trial date would be set. Thereafter, Schalmo filed a motion to enforce settlement, stating that a settlement had been reached on August 18, 2005.
 {¶ 6} A hearing was held before a court magistrate on October 3, 2006. Prior to the hearing, Zama filed a motion to disqualify Schalmo's counsel, Attorney Gordon Woolbert and the law firm of Black, McCuskey, Souers Arbaugh. That motion was denied by the trial court.
 {¶ 7} At the hearing, it was shown that in the month of August 2005 the parties were preparing for trial. Attorney Freeburg asserted the attorney-client privilege when asked whether he had any settlement discussion with his client, Zama. Attorney Woolbert testified on Schalmo's behalf and stated that he had ongoing settlement discussions with Attorney Freeburg at this time. Attorney Woolbert maintained that a settlement was reached on August 18, 2005, a week before the scheduled trial date. No letter confirming a settlement had been reached was ever prepared by Attorney Woolbert.
 {¶ 8} An unexecuted settlement agreement was submitted to the court, as well as two letters written by Attorney Freeburg, dated August 15 and August 17, 2005, that discussed settlement negotiations. In the August 15, 2005 letter, Attorney Freeburg indicated that Zama wished to know whether Schalmo would entertain an offer with a payment plan or *Page 5 
schedule. In the letter dated August 17, 2005, Attorney Freeburg set forth a settlement offer of $45,000 with certain conditions.
 {¶ 9} Attorney Woolbert stated that the parties reached a verbal settlement on August 18, 2005, that the terms were agreed upon, that depositions were canceled as a result, and that he prepared a mutual release and settlement agreement that was sent to Attorney Freeburg on August 22, 2005. The settlement agreement set forth a settlement amount of $52,500 and the terms of the purported settlement. The amount, terms, and conditions were outside the scope of the August 17, 2005 letter prepared by Attorney Freeburg. The settlement agreement was not executed by any party. A notice of joint dismissal with prejudice was attached, but was never executed or filed with the trial court. Zama also testified at the hearing. She stated that Attorney Freeburg was strongly encouraging her to settle the matter, but that she did not wish to settle. She stated that she terminated Attorney Freeburg as her counsel because she desired to go to trial and "needed an attorney to represent me." She further stated that she never gave Attorney Freeburg authority to settle the case and was never shown the settlement agreement. Zama retained new counsel to represent her.
 {¶ 10} The magistrate issued a decision finding that the parties entered into a valid and enforceable settlement agreement. The magistrate found that the actions of the parties indicated that a settlement had been reached. Specifically, the magistrate found: "There is correspondence between the parties discussing settlement, the trial depositions were canceled in anticipation of settlement, neither party submitted trial briefs or appeared for trial, and a message indicating that the case had been settled was left with the trial judge. Moreover, a *Page 6 
detailed `Mutual Release and Settlement' which included a settlement amount of $52,500.00 was prepared along with a `Joint Notice of Dismissal with Prejudice.'" The magistrate granted the motion to enforce settlement as set forth in the mutual release and settlement agreement attached as exhibit B to Schalmo's motion.
 {¶ 11} Zama filed objections to the magistrate's decision. On August 23, 2007, the trial court issued an order overruling Zama's objections. Zama filed an appeal from this order that was dismissed by this court for a lack of final appealable order in Cuyahoga App. No. 90445. Thereafter, the trial court issued an order adopting the magistrate's decision and entering judgment for Schalmo in the sum of $52,500 with interest. The court also awarded costs and reasonable attorney's fees to Schalmo. Zama then filed the instant appeal.
 {¶ 12} Following a limited remand, the trial court issued an order that, in addition to the above relief, granted the motion to enforce settlement. The trial court found that the parties had entered into a valid settlement agreement and that Schalmo had the right to enforce the settlement agreement.
 {¶ 13} The appeal is now before us for review. Zama raises two assignments of error. Her first assignment of error provides as follows: "The trial court abused its discretion in adopting the magistrate's decision."
 {¶ 14} We first address the appropriate standard of review to be applied in this appeal. Zama cites to the abuse of discretion standard applied to a trial court's decision to adopt a magistrate's decision. However, referral to a magistrate should not circumvent the applicable standard of review in a contract matter. See Stephan Bus. Enters. v.Lamar Outdoor Adver. *Page 7 Co., Franklin App. No. C-070373, 2008-Ohio-954. Because a ruling on a motion to enforce settlement is an issue of contract law, Ohio appellate courts "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Continental W. Condo.Unit Owners Assn. v. Howard E. Ferguson, Inc., 74 Ohio St.3d 501,1996-Ohio-158. Accordingly, the question before us is whether the trial court erred as a matter of law in granting the motion to enforce settlement. See Lepole v. Long John Silver's, Portage App. No. 2003-P-0020, 2003-Ohio-7198.
 {¶ 15} Settlement agreements are contractual in nature and, as such, basic principles of contract law apply. Rulli v. Fan Co.,79 Ohio St.3d 374, 1997-Ohio-3807. "`[A] valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof.'" Id. at 376, quoting Noroski v. Fallet
(1982), 2 Ohio St.3d 77, 79. Additionally, the terms of the settlement agreement must be reasonably certain and clear. Id. Ohio law prefers that a settlement be memorialized in writing. Kostelnik v. Helper,96 Ohio St.3d 1, 3, 2002-Ohio-2985.
 {¶ 16} When the parties to a lawsuit have entered into a binding settlement agreement, the trial court has the authority to enforce that settlement. Tabbaa v. Koglman, 149 Ohio App.3d 373, 377, 2002-Ohio-5328, citing Mack v. Polson (1984), 14 Ohio St.3d 34. However, where the existence of a settlement agreement is disputed, a court may not force an agreement upon the parties. Rulli, 79 Ohio St.3d at 377; Thirion v.Neumann, Ashtabula App. No. 2003-A-0006, 2003-Ohio-6419. Further, if the terms of a settlement agreement are *Page 8 
disputed or there is a dispute about the existence of a settlement agreement, the trial court must hold an evidentiary hearing prior to confirming the settlement. Rulli, supra.
 {¶ 17} In the present case, Schalmo contends that a settlement was reached and Attorney Freeburg had the apparent authority to settle the case for Zama. "Absent specific authorization, an attorney has no implied or apparent authority to compromise and settle his client's claims." Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 326, citing Morr v. Crouch (1969), 19 Ohio St.2d 24. Further, the mere fact that a party has retained an attorney does not give that attorney authority to settle the matter. Saylor v. Wilde, Portage App. No. 2006-P-0114, 2007-Ohio-4631. Whether a party authorized the attorney to settle the case on certain terms is a question of fact, the resolution of which by the trial court shall not be disturbed on appeal if supported by some competent, credible evidence. Garrison, supra at 327, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at the syllabus.
 {¶ 18} Here, Schalmo relies upon the letters written by Attorney Freeburg in which he relays an offer of settlement for $45,000 and certain conditions that Zama purportedly wanted included in the settlement. We must recognize that under an apparent-authority analysis, it is the client's acts that must create the apparent authority, not the acts of the attorney. The Ohio Supreme Court has stated the following: "Under an apparent-authority analysis, an agent's authority is determined by the acts of the principal rather than by the acts of the agent. The principal is responsible for the agent's acts only when the principal has clothed the agent with apparent authority and not when the agent's own conduct has created the apparent authority." *Page 9 Ohio State Bar Assn. v. Martin, 886 N.E.2d 827, 834, 2008-Ohio-1809, citing Master Consol. Corp. v. BancOhio Natl. Bank (1991),61 Ohio St.3d 570, 576-577.
 {¶ 19} In this case, there is nothing in the record to indicate that Attorney Freeburg had the authority to settle for the $52,500 figure or upon the terms contained in the settlement agreement prepared by Schalmo. Further, even if Attorney Freeburg had apparent authority as a result of the representations made in his letters, there is insufficient evidence to show that a settlement was in fact reached.
 {¶ 20} The only testimony offered of a settlement having been reached was that of Schalmo's counsel, Attorney Woolbert. Zama testified that she never agreed to settle the matter, that she was never shown the settlement agreement, and that Attorney Freeburg had no authority to settle. As stated above, when the meaning or existence of a settlement agreement is disputed, "a court may not force an agreement upon the parties. To do so would be to deny the parties' right to control the litigation, and to implicitly adopt * * * the interpretation of one party, rather than enter judgment based upon a mutual agreement."Rulli, 79 Ohio St.3d at 377.
 {¶ 21} We recognize that in reaching her decision, the magistrate relied upon this court's decision in ITX Corp. v. Saad, Cuyahoga App. No. 83978, 2004-Ohio-3600. However, that case is distinguishable. In that case the defendant had prepared the settlement agreement and sent it to ITX, the party seeking to enforce the agreement. The court stated "where a party sends a settlement agreement to the opposing party * * *, the opposing party accepts the offer, and both parties subsequently understand the matter to be settled, an *Page 10 
enforceable settlement has been reached * * *." Id. This case is distinguishable in that it was Schalmo, the plaintiff herein, that prepared the settlement agreement and Zama, the opposing party, denied ever agreeing to settle the matter.
 {¶ 22} Likewise, the case of Lepole v. Long John Silver's, Portage App. No. 2003-P-0020, 2003-Ohio-7198, relied upon by Schalmo, is distinguishable from this matter. In Lepole, the evidence reflected that the plaintiff knew of the settlement, but later sought to rescind and set aside the settlement agreement. Id. Here, Zama testified that she was not aware of the settlement agreement and never agreed to settle the case.
 {¶ 23} In this case the letters written by Attorney Freeburg and the settlement agreement drafted by Attorney Woolberg, at best, show settlement negotiations occurred. Indeed, the terms of the settlement agreement, including the settlement amount, were outside the parameters of those set forth in Attorney Freeburg's letters. The record does not support a finding that there was a meeting of the minds between Schalmo and Zama regarding settlement. Also, the mere fact that depositions were canceled in anticipation of settlement does not show a settlement in fact was reached.
 {¶ 24} Although Attorney Woolbert claimed that a verbal settlement was reached, Zama refuted this and asserted that she never agreed to a settlement. Zama's contention was supported by the fact that the settlement agreement that was drafted by Schalmo's counsel was never formally executed by either party.
 {¶ 25} In this case, there is simply insufficient evidence from which to find the parties entered into a valid settlement agreement. Accordingly, we find the trial court erred in *Page 11 
entering judgment for Schalmo upon finding a valid settlement had been reached. Zama's first assignment of error is sustained.
 {¶ 26} Zama's second assignment of error challenges the court's decision that denied her motion to disqualify Schalmo's counsel. This assignment of error is moot.
Judgment reversed, case remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR
[1] The complaint also named National City Bank and Marble Granite Concepts, Inc. as defendants. All claims and cross-claims pertaining to Marble Granite Concepts, Inc. were voluntarily dismissed during the course of proceedings below. *Page 1