[Cite as *Exec Properties, L.L.C. v. Discovery Oil & Gas, L.L.C.*, 2025-Ohio-2506.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| EXEC PROPERTIES, LLC | C.A. No.     31194 |
|      Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DISCOVERY OIL & GAS, LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|      Appellee | CASE No.     CV-2021-05-1475 |

DECISION AND JOURNAL ENTRY

Dated: July 16, 2025

STEVENSON, Judge.

{¶1} Plaintiff-Appellant Exec Properties, LLC ("Exec") appeals from the judgment of the Summit County Court of Common Pleas that granted Defendant-Appellee Discovery Oil & Gas, LLC's ("Discovery") motion to enforce the first amendment to the settlement agreement. For the reasons set forth below, this Court reverses and remands for further proceedings consistent with this opinion. Discovery's motion to dismiss the appeal is denied.

I.

{¶2} The parties executed an oil and gas lease in 2019. In 2021, Exec filed a complaint against Discovery alleging breach of contract and other claims regarding the completion of an oil and gas well ("Well") on Exec's property. The case was ultimately settled and dismissed in April 2023 pursuant to the terms of a settlement agreement and mutual release ("Settlement Agreement") that required Discovery to finish the Well and make it operational by June 30, 2023, or become

liable for $5,000 per month plus attorney fees. The trial court retained jurisdiction for purposes of enforcing the Settlement Agreement.

{¶3} In September 2023, Exec filed a motion to enforce settlement agreement alleging $15,000 in unpaid penalties for Discovery's non-compliance with its obligation to complete the Well and have it operational by the June 30, 2023, deadline. The trial court scheduled a hearing for December 1, 2023, and in the meantime, the parties attempted resolution through multiple emails and telephone conversations between counsel. According to Discovery, on November 28, 2023, both parties' counsel orally agreed to a settlement whereby Discovery would pay Exec a total of $12,500 in two installments in exchange for a mutual release of all outstanding claims. That alleged settlement agreement was named the First Amendment to the Settlement Agreement ("First Amendment"). That same day, counsel proceeded to exchange drafts of the First Amendment via email, with both sides making changes to the language in paragraph four.

{¶4} Ultimately, counsel accepted one another's proposed changes and arrived at a final "clean version" as of the morning of November 30, 2023. Discovery's President, Richard Bryan, signed the First Amendment that same day. Discovery's counsel then immediately emailed the signed agreement to counsel for Exec who responded right away that he would forward it to his client's sole member, Edward Kintz, for signature. Exec's counsel had informed Discovery's counsel the day prior that he would need to obtain Mr. Kintz's approval before finalizing the settlement. Counsel then jointly called the trial court to report the matter settled and filed a joint motion to continue the December 1, 2023, hearing.

{¶5} In the late afternoon of November 30, 2023, Exec's counsel emailed Discovery's counsel that Mr. Kintz had an issue with some of the new language in paragraph four. Discovery's counsel attempted to resolve the issue during a follow-up phone call. The next day, Exec's counsel

informed Discovery's counsel that Mr. Kintz was now refusing to sign based on his objections to the new language in paragraph four. According to Discovery's counsel, despite Mr. Kintz's objections and refusal to sign the First Amendment, Exec's counsel "recognize[d] that we have an enforceable Settlement Agreement, and he totally agreed with me that we did."

{¶6} On December 12, 2023, Exec hired new counsel. Through the exchange of several emails, he and counsel for Discovery outlined their clients' respective positions on whether the matter had been settled. According to Exec, Discovery never responded to Mr. Kintz's concerns about the language in paragraph four, and thus, there was no settlement agreement. Discovery viewed the provisions in paragraph four as non-material terms, and therefore, believed the parties had settled based on their agreement regarding the material terms, i.e., that Discovery would pay $12,500 in exchange for a mutual release of all claims.

{¶7} Discovery then moved to enforce the First Amendment. Exec responded in opposition and Discovery replied. The trial court held a hearing on July 2, 2024. Counsel for Discovery, Stephen Funk, and Richard Bryan, Discovery's President, testified on behalf of Discovery. Edward Kintz testified on behalf of Exec. The trial court issued a decision granting Discovery's motion, reasoning as follows:

> The material terms of the parties' agreement include payment from [Discovery] in the amount of Twelve-Thousand Five Hundred Dollars ($12,500), split into two (2) payments, and mutual release of any and all outstanding claims by the parties. The only remaining issue for the parties to resolve is the language contained in paragraph four (4) of the First Amendment to Settlement Agreement. Paragraph four (4) is not a material term to the settlement agreement, but the parties must agree on the language that will be contained therein.

{¶8} Exec timely appeals and asserts five assignments of error for our review. Discovery moved to dismiss the appeal based on mootness because the day after the hearing, Exec voluntarily

cashed and deposited the two settlement checks totaling $12,500 that were tendered to Discovery pursuant to the terms of the First Amendment. Exec responded in opposition.

II.

**ASSIGNMENT OF ERROR NO[.] 1**

**THE TRIAL COURT LACKED JURISDICTION OVER THE NOVEMBER 2023 AGREEMENT LABELED FIRST AMENDMENT TO THE SETTLEMENT AGREEMENT[.]**

{¶9}     Here, Exec first argues that the trial court lacked subject matter jurisdiction under the Statute of Frauds.  Specifically, Exec argues that pursuant to  R.C. 1335.04 and 1335.06, any modifications to oil and gas leases must be in writing in order to be fully enforceable.  Exec maintains that the First Amendment represents a further modification of the original lease agreement, yet it was not signed by both parties, and therefore, never became an enforceable written agreement.  Second, Exec argues that the trial court did not retain jurisdiction beyond the Settlement Agreement.  Exec argues that the First Amendment represents a new contract, yet the trial court's retention of jurisdiction over the Settlement Agreement made no mention of retaining jurisdiction over modifications or the addition of new terms.

{¶10}   A review of the record shows that Exec did not make these arguments in the trial court. Thus, Exec is raising them for the first time on appeal.

{¶11}   We have repeatedly held that:

When reviewing arguments on appeal, this Court cannot consider issues that are raised for the first time on appeal. The Ohio Supreme Court has stated that other than issues of subject matter jurisdiction, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. It is well established that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.

*Schierbaum v. Ohio Dept. of Edn.*, 2024-Ohio-1196, ¶ 18 (9th Dist.), quoting *State v. Harris*, 2009-Ohio-3865, at ¶ 9 (9th Dist.).

{¶12} Therefore, based on Exec's failure to call these arguments to the trial court's attention at a time when the alleged errors could have been avoided or corrected, its first assignment of error will not be considered and is overruled.

### ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED BY ALLOWING THE ADMISSION OF BOTH HEARSAY TESTIMONY AND TESTIMONY RELATED TO SETTLEMENT NEGOTIATIONS[.]**

{¶13} During the hearing, Attorney Funk testified regarding the settlement negotiations with Exec's former counsel. He testified that "the Tuesday after Thanksgiving, [former counsel] and I had a series of phone conversations back and forth." New counsel for Exec objected "as to the conversations" on the basis of hearsay. The court overruled the objection and permitted Attorney Funk to testify as to former counsel's statements made during settlement negotiations.

{¶14} On appeal, Exec argues that under Evid.R. 801(C) (Definition of Hearsay), the statements were inadmissible hearsay and that none of the exceptions in Evid.R. 803 (Hearsay exceptions; availability of declarant immaterial) applied. Exec claims that it was prejudiced by the statements because it believes the trial court relied heavily upon them in reaching its decision. Exec further alleges that under Evid.R. 408 (Compromise and offers to compromise), Attorney Funk's entire testimony concerning opposing counsel's statements were directly related to statements made in compromise negotiations, and thus, any testimony offered as being from Exec's counsel should not have been admitted. We disagree.

{¶15} Evid.R. 801(D)(2) (Statements That Are Not Hearsay/Admission by Party-Opponent) provides that a statement is not hearsay if:

The statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity, or (b) a statement of which the party has manifested an adoption or belief in its truth, or (c) a statement by a person authorized by the party to make a statement concerning the subject, or (d) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy.

{¶16} Here, the statements by opposing counsel qualify as admissions by a party-opponent under Evid.R. 801(D)(2)(a) and (c) that do not constitute hearsay because counsel was speaking in his representative capacity and was authorized to do so. *See Red Head Brass, Inc. v. Buckeye Union Ins. Co*., 135 Ohio App.3d 616, 622 (9th Dist. 1999) (statement in affidavit of attorney for insurer that he was advised by insured and its counsel of their plan to file suit against third-party litigant fell within exception to hearsay rule as an admission by party-opponent).

{¶17} Regarding Exec's argument under Evid.R. 408, once again, Exec did not make this argument in the trial court. His objection was on the basis of "hearsay" without any reference to Evid.R. 408. Accordingly, Exec has waived this argument for purposes of appeal and it will not be considered. *Schierbaum*, 2024-Ohio-1196, at ¶ 18 (9th Dist.)

{¶18} Based on the foregoing, Exec's second assignment of error is without merit and is overruled.

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT [EXEC'S] THEN COUNSEL HAD THE AUTHORITY TO ENTER INTO A BINDING AGREEMENT ON BEHALF OF [EXEC][.]**

{¶19} Exec argues that the trial court erred in finding that Exec's former counsel had settlement authority. Exec alleges that Mr. Kintz's testimony reflected that although former counsel's retention agreement permitted him to engage in settlement negotiations, he did not possess the special authorization needed to enter into a settlement agreement. Discovery counter-

argues that the record shows Exec's former counsel had authority to enter into settlement negotiations, and that under the controlling case law, if former counsel exceeded his settlement authority, it would not matter because any such misconduct must be imputed directly to Exec whose remedy then lies in a malpractice action.

{¶20} Both parties rely upon the Eighth District's summary of Ohio law on this subject in *Rayco Mfg., Inc. v. Murphy, Rogers, Sloss & Gambel,* 2019-Ohio-3756, ¶ 69 (8th Dist.):

> If a client authorizes its attorney to negotiate a settlement and the attorney negotiates a settlement *within the scope of that authority*, the client is bound by it. *See, e.g., Bromley v. Seme*, 2013-Ohio-4751,[] ¶ 25 (11th Dist.) ("'It is well-recognized that a party may be bound by the conduct of his or her attorney in reaching a settlement.'"), quoting *Saylor v. Wilde*, [] 2007-Ohio-4631, [], ¶ 12 [(11th Dist.)]. A party cannot avoid a settlement that was negotiated through counsel by claiming that his attorney lacked actual authority to enter into the settlement. *See, e.g., Fugo v. White Oak Condominium Assn.*, [], 1996 WL 355305, *6 [(8th Dist.] June 27, 1996); *Klever v. Stow*, 13 Ohio App.3d 1, 4-5, [] (9th Dist.1983); *see also Argo Plastic Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 392-393, [] (1984).

{¶21} This Court has said that "[a]bsent specific authorization, an attorney has no implied or apparent authority, merely by virtue of a general retainer, to compromise and settle his client's claims." *Klever* at 4, citing *Morr v. Crouch*, 19 Ohio St.2d 24 (1969), paragraph two of the syllabus. Thus, in determining whether a client is bound by the conduct of its counsel in negotiating a settlement, there must be a determination of whether counsel acted within the scope of its authority. "Whether an attorney had authorization to settle a case on certain terms is question of fact, and the trial court's finding will not be reversed on appeal unless it is against the manifest weight of the evidence." *Helman v. Thomas*, 2001 WL 1280419, *2 (9th Dist. Oct. 4, 2001), citing *Garrison v. Daytonian Hotel,* 105 Ohio App.3d 322, 327 (2d Dist. 1995).

{¶22} On this subject, the trial court stated the following in its order:

> "[a] party cannot avoid a settlement that was negotiated through counsel by claiming that his attorney lacked actual authority to enter into the settlement."

*Rayco Manufacturing, Inc. v. Murphy, Rogers, Sloss & Gambrel*, 2019-Ohio-3756, ¶ 69 (8th Dist.). This coincides with Courts' general policy that "each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *GTE Automatic Elec., Inc. v. ARC Industries, Inc*., 47 Ohio St.2d 146, 152 (1976) citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 634 (1962).

**{¶23}** The trial court ended its discussion there without ever reciting the first part of the standard set forth in *Rayco*; i.e.*,* that a client must authorize its attorney to negotiate a settlement *and* the settlement must be negotiated within the scope of that authority in order for the client to be bound by it. *Rayco* at ¶ 69. The trial court did not engage in any analysis as to whether Exec's former counsel had specific authorization, actual or apparent, to negotiate a settlement on behalf of Exec, and if so, whether he exceeded the scope of that authority. Other than reciting the two limited excerpts from *Rayco* and *GTE*, the trial court said nothing more regarding the legal standard and how it applied to this facts of this case. While the trial court summarized in its order the testimony of Mr. Kintz and Mr. Funk that pertained to this subject, it did not issue a definitive ruling. There is no conclusory statement or any other language, either in the written order or made orally during the hearing, indicating that the trial court was making a specific finding as to whether Exec's counsel was authorized to negotiate a settlement and then acted within the scope of the authority such that Exec was bound by the settlement.

**{¶24}** This Court "has complete and independent power of review as to all questions of law" and reviews them de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Here, the trial court's incomplete recitation of the relevant law and lack of analysis regarding former counsel's scope of authority represents a question of law that we review de novo. Based on the foregoing, we conclude that the trial court erred as a matter of law by failing to set forth the full scope of the law and omitting from its order a finding regarding former counsel for Exec's settlement authority. The trial court's ruling is incomplete.

{¶25} "De novo review 'does not mean an [appellate court] simply reweigh[s] the evidence and reach[es] [its] own conclusion.'" (Alterations in original.) *State v. Curtis*, 2024-Ohio-4625, ¶ 11 (12th Dist.), quoting *In re P.M.S.*, 2023-Ohio-3825, ¶ 18 (12th Dist.). As a reviewing Court, it would be inappropriate for us to make findings and effectively modify the trial court's judgment. This Court will not do so in the first instance. *See Kaplack v. Medina City School Dist. Bd. of Edn.*, 2025-Ohio-221, ¶ 43 (9th Dist.), citing *McCormick v. McCormick*, 2022-Ohio-3543, ¶ 10 (9th Dist.) In both *Kaplack* and *McCormick*, we declined to engage in any analysis under the applicable statutes where the trial court had failed to do so, and instead, remanded to the trial court for further proceedings to address those questions. *Kaplack* at ¶ 43; *McCormick* at ¶ 10. We do the same here.

{¶26} Exec's third assignment of error is sustained. The matter is remanded to the trial court for further proceedings consistent with this opinion.

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT[']S HOLDING THAT PARAGRAPH FOUR OF THE NOVEMBER 2023 AGREEMENT WAS A NON-MATERIAL TERM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT ERRED IN NOT HOLDING THAT PARAGRAPH FOUR OF THE FIRST AMENDMENT TO THE SETTLEMENT AGREEMENT WAS UNENFORCEABLE[.]**

{¶27} We cannot reach the question of whether paragraph four of the First Amendment contained material terms and is enforceable until the trial court first determines, pursuant to our disposition of Exec's third assignment of error, whether Exec's counsel acted within the scope of his authority to enter into a settlement agreement. Only then can the trial court proceed to the

question of the material terms of the First Amendment. Therefore, we decline to address assignments of error four and five as premature.

{¶28} We note, however, that should the trial court revisit this question during the proceedings on remand, the trial court's order appears to be internally inconsistent as to whether paragraph four contains material terms. While on the one hand the trial court stated that "[p]aragraph four (4) is not a material term to the settlement agreement," in the same sentence it also stated "but the parties must agree on the language that will be contained therein[,]" which suggests that without the terms of paragraph four, there is no agreement, which means that the terms are actually material. Without further explanation by the trial court, this appears inconsistent.

### III.

{¶29} Based on the foregoing, Exec's first and second assignments of error are overruled. Exec's third assignment of error is sustained. Exec's fourth and fifth assignments of error are overruled as premature. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

{¶30} In light of this Court's decision, the motion to dismiss is denied. We cannot address the question of mootness because whether the appeal is moot depends on the existence of a settlement agreement which is yet to be determined.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

SCOT STEVENSON
FOR THE COURT

 

FLAGG LANZINGER, P. J.
CONCURS IN JUDGMENT ONLY.

HENSAL, J.
DISSENTS.

APPEARANCES:

LARRY D. SHENISE, Attorney at Law, for Appellant.

STEPHEN W. FUNK, Attorney at Law, for Appellee.