[Cite as *Ginley v. Hamilton*, 2014-Ohio-2642.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100361

## BRYAN GINLEY

PLAINTIFF-APPELLANT

vs.

## TAMMY HAMILTON

DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-778492

**BEFORE:** Celebrezze, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**FOR APPELLANT**

Bryan P. Ginley, pro se
1445 Cordova Avenue
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

Stephen M. Beaudry
James T. Tyminski, Jr.
Gallagher Sharp
6th Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio   44115

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Bryan Ginley, appeals from the enforcement of a settlement agreement to which he purports he did not consent. In this pro se appeal, he claims that his attorney agreed to settle his personal injury action for $3,500 without his knowledge or consent. After a thorough review of the record and law, we affirm the decision of the trial court.

## I. Factual and Procedural History

{¶2} According to Ginley's complaint filed on March 20, 2012, Ginley was riding his bicycle near West Avalon Drive in Westlake, Ohio, on June 11, 2008, at approximately 3:00 p.m. He was struck by a vehicle driven by Tammy Hamilton near the intersection of Hilliard Boulevard and West Avalon Drive as he walked his bike through the crosswalk. Ginley claimed to have severe injuries from the collision including partial paralysis. Hamilton answered and asserted several defenses. Her pretrial statement asserted that Ginley actually struck her vehicle as she was stopped at the intersection. She claimed, as the police report documented, that damage occurred to the front driver's side quarter panel of her vehicle including marks on the driver's side tire. She further claimed that Ginley was cited by Westlake police and found to be at fault for the accident.

{¶3} As part of the pretrial process, Ginley's treating chiropractor, Carl J. Valenti, II, D.C., was deposed as if testifying at trial on March 5, 2013, by both sides. Dr. Valenti first examined Ginley on July 1, 2008, and developed a history, listened to symptoms as reported by Ginley, and conducted an examination. This examination resulted in a

finding that Ginley had minor injuries including "segmental dysfunction in the cervical and thoracic spine, lumbosacral sprain/strain injury, which is the lower back, and a segmental dysfunction of the left hip and knee joints." Valenti opined that these conditions could be consistent with injuries sustained by being struck by an automobile if several presumptions set forth by appellant's attorney were true. Valenti continued to treat Ginley several times a month for 11 to 12 months.

{¶4} Valenti testified that, on further treatment, Ginley reported his symptoms would sometimes alternate between left and right hamstring. Valenti's observations of Ginley's injuries also did not align with Ginley's subjective complaints. Valenti could find no evidence of paralysis or that his intestines fell out, both of which Ginley had stated resulted from the accident. MRI results also demonstrated that Ginley's complaints of herniated disks in his spine were not true. Dr. Valenti testified that Ginley clearly exaggerated his injuries. Because of Ginley's varying accounts of what occurred, their conflict with the police report, and his exaggerations of his injuries, Dr. Valenti stated, "it becomes impossible for me to determine based on everything that I know exactly what that mechanism of injury is."

{¶5} Ginley's attorney, Daniel Ryan, testified at a hearing that, after Valenti's deposition, Ryan explained to Ginley how damaging Valenti's testimony was to the case. Ryan also explained that Ginley's other doctors had refused to testify on his behalf. Ryan asked Ginley about settlement and, according to Ryan, he was given authority to settle for an amount greater than $2,500.

**{¶6}** On March 8, 2013, an offer and counteroffer were made between the attorneys, and Ryan accepted an offer to settle for $3,500. A confirmation email was sent on March 11, 2013, from Ryan to Hamilton's attorney, which stated, "[t]hanks for doing a great job on this in getting it settled. I think it is fair in spite of all the claims by Mr. Ginley. I have the authority to accept $3,500 from Mr. Ginley so you have it in writing. I have attached the W9 to use and would you please issue the check as Bryan Ginley and his attorney RYAN LLP." The parties then informed the court that a settlement had been reached.

**{¶7}** On March 12, 2013, the trial court issued an order dismissing the case as settled and directing the parties to file a more formal entry and settlement. The next day, Ginley called the court and learned that his case had been dismissed. He became irate and called Hamilton's attorney and left a voicemail asserting that the case was not settled.

**{¶8}** On March 13, 2013, Ginley filed a motion for time to seek new counsel or proceed pro se, where he asked the court to reinstate the case. He argued he never gave Mr. Ryan authority to settle. In response, Hamilton opposed the motion and filed a motion to enforce the settlement agreement. The trial court set a hearing date on Hamilton's motion to enforce and what the court styled as Ginley's motion to set aside the settlement.

**{¶9}** At the August 14, 2013 hearing, Ginley, Ryan, and Hamilton's attorney testified about the settlement negotiations. The parties were not sworn prior to making statements, but no objection was raised. The trial court found that the case settled and

granted Hamilton's motion to enforce the settlement agreement. Ginley now appeals from that decision assigning three unclear errors, taken verbatim from appellant's pro se brief:

> I. There wasn't any agreement at all[.] * * * The presentation of anything to the contrary is intentional fraud & a violation of professional conduct (1.4) & (4.1). Breach of fiduciary duty & fraudulent misrepresentation. This lack of credibility & competence of the only (weight) evidence (witnesses) to the (secret) completely fabricated, unilateral & unauthorized settlement agreement was uncorroborated and contrary to all of the evidence & truthful accurate testimony. Which adversely influenced the outcome of the settlement hearing resulting in an erroneous (reversible) verdict.
>
> II. The trial court committed procedural (reversible) error and abused its discretion by NOT allowing ANY of my persuasive evidence including all of my witnesses (page 8, line 20-23) to testify on my behalf.
>
> III. The court committed procedural (reversible) error and abused its discretion by NOT ruling on or advising me regarding my attorney of record after he refused to represent me. Because my representation became ambiguous without ANY ruling Dan Ryan continued as my attorney of record or his representation of me. As a result my representation was unknown to me at the settlement hearing.

## II. Law and Analysis

### A. Enforcement of Settlement

{¶10} Settlements are a favored method of resolving disputes. *In re NLO, Inc.*, 5 F.3d 154 (6th Cir.1993). However, parties may not be forced into a settlement to which they did not agree.

{¶11} Where a dispute arises about the existence of a settlement agreement, a court may not force a party into a settlement. "To do so would be to deny the parties' rights to control the litigation and to implicitly adopt (or explicitly, as the trial court did here) the

interpretation of one party, rather than enter judgment based on a mutual agreement." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 377, 683 N.E.2d 337 (1997), citing *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 470 N.E.2d 902 (1984), syllabus.

{¶12} Here, Ginley claims he did not authorize his attorney to settle the case and had no knowledge of the discussions between counsel. "Whether a party authorized the attorney to settle the case on certain terms is a question of fact, the resolution of which by the trial court shall not be disturbed on appeal if supported by some competent, credible evidence."[1] *Schalmo Builders, Inc. v. Zama*, 8th Dist. Cuyahoga No. 90782, 2008-Ohio-5879, ¶17, citing *Garrison v. Daytonian Hotel*, 105 Ohio App.3d 322, 327, 663 N.E.2d 1316 (2d Dist.1995). Therefore, a reviewing court should not reverse a trial court's decision if it merely has a difference of opinion on questions of credibility or the weight of the evidence. A trial court's decision should be overturned only when there is no competent and credible supporting evidence. *Northpoint Props. v. Charter One Bank*, 8th Dist. Cuyahoga No. 100210, 2014-Ohio-1430, ¶ 50, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶13} The present case is similar to one recently decided by the Eleventh District Court of Appeals: *Bromley v. Seme*, 2013-Ohio-4751, 3 N.E.3d 1254 (11th Dist.). There, the record disclosed:

---

[1] There is a distinction between actual and apparent authority in the case law that is not implicated here. Attorney Ryan claimed, and the trial court found, that he had actual authority to settle the case and had obtained Ginley's consent to the settlement.

The transcript of the July 30, 2012 "settlement" hearing shows that Attorney Newman unequivocally averred to the trial court that: (1) he and appellant had discussed the terms of the proposed settlement extensively; and (2) appellant was willing to be bound by the settlement. Given the specific nature of Attorney Newman's statements, they were sufficient to constitute a prima facie showing that appellant had expressly authorized him to agree to the six terms that were negotiated during the prior telephonic conference.

*Id.* at ¶ 28. The court found that these statements were not rebutted by claims of a lack of consent.

{¶14} Here, after Ginley waived attorney-client confidentiality, Ryan unequivocally stated that he informed Ginley of the ongoing negotiations and that Ginley had given him permission to settle the case for any amount greater than $2,500. Ginley claimed to have suffered significant injury, amassed medical bills far in excess of the settlement amount, and would never have authorized settlement for such a low amount. Attorney Ryan explained that the deposition of the only treating physician who would testify on Ginley's behalf was extremely damaging to the case because Dr. Valenti stated that appellant was exaggerating his injuries. Ginley's credibility was negatively impacted by his own deposition and the deposition of his treating chiropractor, and Ryan's was bolstered by corroborating emails and statements made by Hamilton's attorney. Given this and Ginley's other credibility issues,[2] the trial court's decision to believe attorney Ryan over Ginley is not surprising. The trial court heard the statements,

---

[2] Ginley testified during his deposition that his intestines had fallen out as a result of the accident. Dr. Valenti testified he could find no evidence of this.

weighed the credibility of the parties, and ruled that the settlement was valid and enforceable. The trial court's decision is supported by competent, credible evidence.

{¶15} Even if Ginley had not consented to the settlement, "when an attorney exceeds his settlement authority, that misconduct must be imputed to the client and the client's remedy lies elsewhere." *Lepole v. Long John Silver's*, 11th Dist. Portage No. 2003-P-0020, 2003-Ohio-7198, ¶ 16, citing *Mollis v. Rox Constr. Co.*, 11th Dist. Trumbull No. 92-T-4688, 1992 Ohio App. LEXIS 6083, *12 (Dec. 4, 1992).

### B. Scope of the Hearing

{¶16} Ginley next complains that the trial court prevented him from presenting evidence during the hearing and that no sworn testimony was admitted.

{¶17} The trial court has discretion to control the mode and admission of evidence. Evid.R. 611. Such decisions will not be reversed absent an abuse of discretion. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶18} After the hearing commenced, the trial court asked for a statement from Hamilton's attorney because the court was addressing Hamilton's motion to enforce the settlement agreement. Hamilton's attorney set forth the negotiations that took place and the arrival at a settlement of $3,500. The court then asked Ginley to respond. Ginley stated that he was aware of no negotiations and never agreed to settle the case. Ginley began to wander off the topic of settlement, and the trial court advised him to limit his statements to the settlement. Ginley also never attempted to call any witnesses who

possessed relevant knowledge of the settlement issue. He did inquire whether he could have members of the court staff testify about his anger upon being told that the case was settled, but this was not altogether relevant to the question of whether Ginley gave his attorney authority to settle the case. Therefore, it was not an abuse of discretion for the trial court to limit testimony and witnesses to those who possessed relevant information about the questions properly before the court.

{¶19} Ginley's second argument about unsworn testimony does not amount to prejudicial error. Ginley failed to object to the trial court's entertainment of statements from the parties without first having placed them under oath. This could have been raised at the time of the hearing and corrected. By raising this claim of error for the first time on appeal, Ginley has waived all but plain error. *Ardire v. W. Lake Planning Comm.*, 8th Dist. Cuyahoga No. 61636, 1993 Ohio App. LEXIS 620, *9 (Feb. 4, 1993). To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. *State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (9th Dist.1995). Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996). Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 656 N.E.2d 643 (1995).

**{¶20}** Ginley is unable to meet this burden.   It is highly unlikely that the results of the hearing would have been different had the parties been administered an oath.   The attorneys who testified are under ethical obligations to speak truthfully to the court under these circumstances.   Prof.Cond.R. 3.3(a). An additional oath subjecting them to perjury prosecution likely made no difference below.   Therefore, this assigned error is overruled.

## C.   Right to Counsel

**{¶21}** Ginley finally claims that the trial court erred when it failed to rule on his motion for time to find counsel or proceed pro se.   There, Ginley made arguments akin to a motion for relief from judgment.   He also asked for 180 to 365 days to investigate his options and find new counsel or proceed pro se.   The trial court denied Ginley's motion for 180 days to one year to obtain new counsel and allowed him to proceed pro se on July 19, 2013.[3]

**{¶22}** Ginley does have a right to be represented by counsel, but that right is not absolute.

> There is an inherent right to counsel as to all matters, be it civil or criminal.  In criminal matters, however, both the Ohio and the United States Constitutions expressly provide that a person shall not be denied this right to counsel.  * * *  In civil matters, however, there is no error with respect to a denial of counsel, unless it appears that the party expressly requested the right to confer with counsel and was unjustifiably denied the exercise of that right.  The right is not absolute, but may be controlled as to time and circumstances.

---

[3] The trial court also denied Ginley's motion to appoint a special prosecutor, which was another part of the combined motion, but granted his request for change of address.

*Siegwald v. Curry*, 40 Ohio App.2d 313, 315-316, 319 N.E.2d 381 (10th Dist.1974). Here, the denial of Ginley's request to continue the case for 180 to 365 days, which had been pending since 2008 and which was settled and dismissed, was appropriate. Such a long continuance was not reasonable where the only action potentially left was to hold an evidentiary hearing to determine whether Ginley had given his attorney authority to settle this case. Ginley's requested continuance was substantial and was made in the alternative with a request to proceed pro se, which the court essentially granted. Therefore, Ginley's final assignment of error is overruled.

### III. Conclusion

{¶23} The trial court conducted a hearing to determine if attorney Ryan was given settlement authority by Ginley. The court heard testimony from all the parties and found attorney Ryan's testimony more credible than Ginley's. That decision is supported by competent, credible evidence.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR