[Cite as *State v. McClelland*, 2016-Ohio-3436.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     27851 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS C. MCCLELLAND, II | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 2014 09 2909 (C) |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

HENSAL, Judge.

{¶1}   Dennis McClelland appeals the denial of his motion to withdraw his plea in the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2}   The Grand Jury indicted Mr. McClelland for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, endangering children, and aggravated possession of drugs. It also indicted his brother and girlfriend for similar offenses. The parties negotiated a plea deal under which Mr. McClelland agreed to plead guilty to illegal manufacture of drugs and the State agreed to dismiss the remaining charges against him and a number of the charges against his brother and girlfriend. At a plea hearing in May 2015, the court examined each of the defendants about their understanding of the plea, after which it accepted their guilty pleas. It scheduled the defendants' sentencing hearing for a week later.

{¶3}    A few days before the sentencing hearing, Mr. McClelland began to second guess his decision.  A day before the hearing, he filed a pro se motion to withdraw his plea.  In his motion, Mr. McClelland alleged that he entered the plea against his will, that he was innocent of the charges, and that his lawyer was ineffective.  In regard to his ineffective assistance claim, Mr. McClelland alleged that his lawyer failed to file any of the motions that he thought his lawyer was going to file on his behalf.

{¶4}    On the day of the hearing, the trial court sentenced Mr. McClelland's brother first.  It then called Mr. McClelland's case.  When the court asked Mr. McClelland's lawyer if he knew any reason that sentencing should not go forward, the lawyer told the court that Mr. McClelland wished to withdraw his plea.  He also told the court that Mr. McClelland was requesting that the court appoint new counsel.  He, therefore, asked the court to continue the sentencing hearing, appoint new counsel, and give new counsel time to consult with Mr. McClelland before going forward on the motion to withdraw his plea.  He indicated, however, that he was willing to proceed on his oral motion to withdraw the plea.

{¶5}    The court spoke with Mr. McClelland about his desire to withdraw his plea.  Mr. McClelland told the court that he did not learn about the details of the plea deal until 10 minutes before the plea hearing.  He said that he was told that he had to accept the deal or all of them would get "hammered hard."  He also said that his counsel's representation was unsatisfactory.  Although he acknowledged that he told the court at the plea hearing that he was satisfied with his lawyer, his answer was based solely on the information he knew at that time.

{¶6}    After examining Mr. McClelland, the court told his lawyer that it questioned Mr. McClelland's genuineness.  It took a short recess, however, to conduct some research before proceeding.  After the recess, the court explained that it had to hold a hearing before ruling on a

defendant's motion to withdraw his plea. The court then asked each side whether they had anything else that they would like to present to provide the court with a full record. After Mr. McClelland's lawyer said that he had already presented the court with all of "the facts * * * and the reasons that I'm aware of that would support [Mr. McClelland's] request to withdraw his guilty plea[,]" the court told the lawyer that she wanted "to cover a few things with [him]." She asked the lawyer to put on the record what he knew about the allegations in the papers Mr. McClelland filed with the court. The lawyer proceeded to relate the full history of his representation of Mr. McClelland. Following his explanation, the court concluded that it was not going to permit Mr. McClelland to withdraw his plea. It sentenced him to five years imprisonment. Mr. McClelland has appealed, assigning three errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT DEPRIVED MCCLELLAND OF COUNSEL AT A CRITICAL PHASE OF HIS CASE AND VIOLATED HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS WHEN IT QUESTIONED MCCLELLAND'S COUNSEL ABOUT HIS REPRESENTATION, THEREBY CREATING A CONFLICT OF INTEREST.

{¶7} Mr. McClelland argues that the court should have appointed him different counsel before questioning his lawyer about his lawyer's representation. Mr. McClelland asserts that the court's questions created a potential conflict between his lawyer and himself, effectively depriving him of representation during a critical stage of the proceedings. He, therefore, argues that his conviction should be reversed and this matter remanded for a new withdrawal-of-plea hearing with new counsel.

{¶8} A criminal defendant has the right to counsel at all critical stages of criminal proceedings. *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 13. This Court has

recognized that plea bargaining is a critical stage of a case. *State v. Bonnell*, 9th Dist. Medina No. 707, 1977 WL 199158, *2 (Dec. 21, 1977). This includes a hearing on a motion to withdraw guilty plea. *State v. Dellinger*, 6th Dist. Huron No. H-02-007, 2002-Ohio-4652, ¶ 12; *see also* Crim.R. 44(A) (providing that a defendant has the right to counsel "at every stage of the proceedings from his initial appearance before a court through appeal as of right * * *.").

{¶9} This Court has recognized that a defendant is deprived of his right of counsel if his lawyer is required to take the stand and testify against him without the opportunity for cross-examination. *State v. Oliver*, 9th Dist. Summit No. 26446, 2013-Ohio-1977. In *Oliver*, DeShawn Oliver pleaded guilty to a drug offense and the court immediately sentenced him to six months imprisonment. Mr. Oliver subsequently moved to withdraw his plea. At a hearing on the motion, Mr. Oliver's lawyer asked Mr. Oliver about his reasons for wanting to withdraw his plea. After Mr. Oliver finished testifying, the trial court asked his lawyer to take the stand. It proceeded to question the lawyer about his representation of Mr. Oliver, including Mr. Oliver's allegations about the lawyer's representation. After examining the lawyer, it denied Mr. Oliver's motion.

{¶10} On appeal, this Court reversed. *Id.* at ¶ 1. We noted that Mr. Oliver arrived at the post-sentence hearing believing that he was represented by his previously-appointed lawyer. *Id.* at ¶ 17. Once the lawyer took the stand, however, and testified that he did not believe he had coerced Mr. Oliver into taking a plea and that he believed Mr. Oliver understood the nature of the plea, there was a "clear 'breakdown of the adversarial process' because Mr. Oliver's attorney testified directly and indisputably *against* the interests of his client, and Mr. Oliver did not have the opportunity for cross-examination." *Id.* at 18, quoting *United States v. Cronic*, 466 U.S. 648, 657 (1984). We concluded that, "[i]n directing defense counsel to testify against his client's

interests, without the opportunity for cross-examination, the trial court completely denied Mr. Oliver the assistance of his counsel." *Id*. at ¶ 19. We, therefore, reversed the trial court's judgment and remanded the case in order for Mr. Oliver to be appointed new counsel and for rehearing of his motion to withdraw his guilty plea. *Id*. at ¶ 20.

**{¶11}** Although the trial court in this case did not officially make Mr. McClelland's lawyer "take the stand," the difference does not make *Oliver* distinguishable because attorneys always have an ethical duty to speak truthfully to the court. Prof.Cond.R. 3.3(a); *see Ginley v. Hamilton*, 8th Dist. Cuyahoga No. 100361, 2014-Ohio-2642, ¶ 20. Similar to *Oliver*, the court instructed Mr. McClelland's lawyer to describe his representation of Mr. McClelland in detail in order to make a "full record" about the allegations in Mr. McClelland's filing. During his response, Mr. McClelland's lawyer stated that "[a]t no time did [Mr. McClelland] ask me to file any motions or about any motions that he would ask me to file." This was in direct conflict with Mr. McClelland's assertion that his lawyer failed to file any of the motions he thought his lawyer would be filing on his behalf. Mr. McClelland also had no opportunity to cross-examine his lawyer. When Mr. McClelland attempted to object to the proceedings, his lawyer interrupted him, saying "I'll speak for you." We, therefore, conclude that the trial court deprived Mr. McClelland of his right to counsel when it put his lawyer in a situation where the lawyer had to testify against his client's interests when ruling on Mr. McClelland's motion to withdraw his plea. *Oliver* at ¶ 19, *State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451, ¶ 24-25 (holding that trial court violated defendant's right to counsel when it inquired about defense counsel's actions during plea negotiations, essentially requiring counsel to testify against his client).

{¶12}   The State argues that, even if the trial court should have appointed new counsel for Mr. McClelland before proceeding with the hearing on his motion to withdraw, Mr. McClelland cannot establish that he was prejudiced by the error. In *Strickland v. Washington*, 466 U.S. 668 (1984), however, the United States Supreme Court explained that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id*. at 692. Accordingly, Mr. McClelland does not have to demonstrate that he was prejudiced by his lack of counsel at the motion-to-withdraw-plea hearing. Mr. McClelland's first assignment of error is sustained. In light of our resolution of Mr. McClelland's first assignment of error, we conclude that his remaining assignments of error are moot, and they are overruled on that basis.

### III.

{¶13}   The trial court should have appointed Mr. McClelland new counsel before examining his lawyer about the adequacy of his representation of Mr. McClelland. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for a new hearing on Mr. McClelland's motion to withdraw his guilty plea with new counsel for Mr. McClelland.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

 

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL RICHARDSON, Assistant Prosecuting Attorney, for Appellee.