**[Cite as *State v. Ortiz*, 2017-Ohio-7400.]**

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104689**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY ORTIZ

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-600199-A

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 31, 2017

**ATTORNEY FOR APPELLANT**

Office of the Ohio Public Defender

By:   Nikki Trautman Baszynski
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Gregory J. Ochocki
Oscar Albores
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Anthony Ortiz ("Ortiz") appeals from the trial court's denial of his motion to withdraw guilty plea and the imposition of costs and a fine as part of his sentence for rape and attempted rape. Ortiz assigns the following errors for our review:

I. The trial court erred when it failed to meaningfully consider Mr. Ortiz's motion to withdraw his guilty plea.

II. Mr. Ortiz's right to counsel was violated during the court's consideration of his motion to withdraw his guilty plea.

III. The trial court erred when it imposed the full costs of prosecution in Mr. Ortiz's sentencing entry, but not during his sentencing.

IV. The trial court erred when it imposed a fine without giving Mr. Ortiz notice at his sentencing hearing.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} On October 14, 2015, Ortiz was charged with seven counts of rape and two counts of kidnapping involving two victims. The first incident was alleged to have occurred on March 1, 2006, and the second incident on July 4, 2008. Ortiz filed a motion to sever for trial Counts 1 through 4, which related to the first victim, from Counts 5 through 9, which related to the second victim. The court denied this motion.

{¶4} On March 18, 2016, Ortiz filed a pro se motion to disqualify his counsel, requesting that the public defender's office be removed from his case for failure to investigate. On March 23, 2016, the court held a hearing at which it denied Ortiz's motion, stating that "the Court does not recognize hybrid representation anymore."

**{¶5}** On April 25, 2016, Ortiz pled guilty to one count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2) and one count of rape in violation of R.C. 2907.02(A)(1)(c).

**{¶6}** On May 31, 2016, Ortiz filed another pro se motion to disqualify counsel, essentially arguing for the second time that "counsel in question has never attempted to contact my witnesses [and] has never investigated the evidence against me * * *."

**{¶7}** On June 7, 2016, the court held a sentencing hearing. Prior to imposing the sentence, however, the court summarily denied Ortiz's second pro se motion to disqualify counsel, reminding Ortiz that the court did not recognize hybrid representation. Ortiz next made a pro se oral motion to withdraw his guilty plea, which the court also denied. Additionally, Ortiz stated that his constitutional rights were violated because his attorneys did not contact specific witnesses that Ortiz claimed would testify on his behalf. The court again told Ortiz that it would not consider his pro se motions while he was represented by counsel. However, the court stated that it would consider a filing by Ortiz's attorneys incorporating affidavits from the witnesses that Ortiz claimed would testify on his behalf.

**{¶8}** The court then sentenced Ortiz to eight years in prison for the attempted rape and ten years in prison for the rape, to run consecutively, for an aggregate sentence of 18 years in prison. The court also imposed $250 in costs concerning the attempted rape and $250 in costs concerning the rape.

## Motion to Withdraw Guilty Plea

**{¶9}** "Although a defendant is not vested with an absolute right to withdraw a guilty plea, a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated." *State v. Johnson*, 8th Dist. Cuyahoga No. 83350, 2004-Ohio-2012, ¶ 34. *See also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980); Crim.R. 32.1.

**{¶10}** Appellate courts review denials of motions to withdraw guilty pleas for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 745 (1992). It is not an abuse of discretion to deny a motion to withdraw a guilty plea:

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim* at paragraph three of the syllabus.

**{¶11}** In light of the first *Xie* factor, during the hearing on Ortiz's pro se motion to disqualify counsel, the court stated that it has "known [defense counsel] for over 20 years," and if defense counsel said she "complied," then she complied.

> There's no case that [defense counsel] is going to be on where she's not going to request discovery. There's no case that she's going to be on that she's not going to require full discovery. She's going to be a pain in the neck about it. So even though she's not said to you that she's made that request, trust me, from being here for 30 years, she's done that. She's talked to this prosecutor. She's been — gotten on their nerves about the discovery in this case.

**{¶12}** As to the second *Xie* factor, our review of the record shows that Ortiz was afforded a full Crim.R. 11 hearing when the court took his guilty plea. The court

explained to Ortiz that if he was found guilty of all charges in the indictment, he would face multiple life-in-prison terms. However, by pleading guilty, Ortiz limited his prison term to a maximum of 18 years. The court explained the rights Ortiz would waive by pleading guilty and asked Ortiz if he understood. Ortiz replied that he did. The court asked Ortiz how he pled, and Ortiz answered, "Guilty." The court then asked Ortiz if he was, in fact, guilty, and Ortiz replied, "Yes, Your Honor."

{¶13} Under both the third and fourth *Xie* factors, Ortiz argued to the trial court that he should have been allowed to withdraw his guilty plea because of his counsel's shortcomings. However, the court refused to hear Ortiz's arguments unless they were made by his counsel. This court has repeatedly held that "although a defendant has the right to counsel or the right to act pro se, a defendant does not have any right to 'hybrid representation.'" *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13, quoting *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 29. "We have previously determined that when counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion." *Mongo* at ¶ 14.

{¶14} During Ortiz's sentencing hearing, but prior to the imposition of sentence, an on-the-record discussion between Ortiz and the court took place in which Ortiz explained why he felt his constitutional rights were violated. The gist of Ortiz's argument was that his counsel failed to contact or interview witnesses who would testify that Ortiz did not commit the offenses at issue. The court asked Ortiz's counsel if she had "anything" in response. Counsel replied, "I know that [the investigator] from my

office has contacted people in this case that were relevant and significant and I have many taped conversations * * * and contact with the potential witnesses."

{¶15} The court denied Ortiz's pro se motion to withdraw guilty plea, but further stated as follows: "Okay. I'll tell you what. You get an affidavit from [the alleged witnesses] saying you didn't do it and have the lawyers file the proper motions and we'll look at it at that time." This court has held that "a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered." *State v. Hill*, 8th Dist. Cuyahoga No. 99564, 2014-Ohio-26, ¶ 10. *See also Ohio v. Wesley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7 ("A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea").

{¶16} Turning to Ortiz's second assigned error, that his right to counsel was violated in relation to his motion to withdraw guilty plea, Ortiz argues that "[w]hen counsel's deficient performance is the basis for a defendant's motion to withdraw his guilty plea, counsel cannot represent the defendant in a proceeding relating to that motion."

{¶17} This court faced a somewhat similar situation in *State v. Drake*, 8th Dist. Cuyahoga No. 93761, 2010-Ohio-1065. In *Drake*, the court held that counsel is prejudicially ineffective when he or she "fails to act on [the defendant's] request to withdraw his plea when the possibility that he would have been allowed to withdraw his plea is not insubstantial." *Drake* at ¶ 11, citing *State v. Strutton*, 62 Ohio App.3d 248,

252, 575 N.E.2d 466 (2d Dist.1998). In simpler terms, Ortiz's argument that his right to counsel was violated will not succeed if he fails to set forth a reasonable or legitimate basis for the withdrawal of his plea.

{¶18} In *State v. Oliver*, 9th Dist. Summit No. 26446, 2013-Ohio-1977, the court put defense counsel on the witness stand during the defendant's hearing on his motion to withdraw guilty plea. During his testimony, defense counsel refuted the defendant's allegations "that his attorney would not answer his questions or allow him to speak, that his attorney ridiculed him, called him names, and coerced him into taking the plea." The court found that, "[a]t this point, there was a clear 'breakdown of the adversarial process' because [the defendant's] attorney testified directly and indisputably against the interests of his client, and [the defendant] did not have the opportunity for cross-examination." *Id.*

{¶19} In *State v. McClelland,* 9th Dist. Summit No. 27851, 2016-Ohio-3436, ¶ 11, the defendant filed a motion to withdraw his guilty plea, alleging that "his lawyer failed to file any of the motions he thought his lawyer would be filing on his behalf." The court held a hearing at which "it instructed [the defendant's] lawyer to describe his representation of [the defendant] in order to make a 'full record' about the allegations" in the defendant's motion to withdraw guilty plea. *Id.* Defense counsel stated to the court that "[a]t no time did [the defendant] ask me to file any motions or about any motions that he would ask me to file."

**{¶20}** The *McClelland* court applied *Oliver* and concluded "that the trial court deprived [defendant] of his right to counsel when it put his lawyer in a situation where the lawyer had to testify against his client's interests when ruling on [defendant's] motion to withdraw plea." The court held that no showing of prejudice was required and remanded the matter to the trial court "for a new hearing on [defendant's] motion to withdraw his guilty plea with new counsel * * *." *Id.* at ¶ 11.

**{¶21}** We find the instant case to be distinguishable from *Oliver* and *McClelland*. The court did not put Ortiz's attorney on the witness stand to testify, nor did it "instruct" defense counsel to make a statement that contradicted her client. Despite not recognizing hybrid representation, the court gave Ortiz the benefit of the doubt and heard his arguments regarding why he wanted to withdraw his plea. According to Ortiz, he has "witnesses to the rapes" who would testify that he "didn't do it," but "in these cases there was no investigation at all." However, Ortiz contradicted himself by stating that he spoke with the private investigator from the public defender's office who was working on his case. In response, defense counsel stated that the investigator from her office "has contacted people in this case that were relevant and significant" and the investigator taped these conversations. Additionally, defense counsel recognized that Ortiz "would like for [us] to be disqualified" and that "given the seriousness of this, it might be best for all of the proceedings for the judicial system, for * * * Ortiz himself, for the Court, if he were happier with [other] counsel."

**{¶22}** Thus, we cannot say that counsel was "left with no choice but to actively represent conflicting interests." *See State v. Sanders*, 91 Ohio St.3d 245, 277, 750 N.E.2d 90 (2001). Because prejudice is not presumed in this case, we must examine whether Ortiz suffered prejudice as a result of his counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶23}** Despite Ortiz's claim of innocence, testing of the sperm found in both victims' rape kits was consistent with Ortiz's DNA. Furthermore, as part of his guilty plea, the state dismissed seven sex-related felonies against Ortiz, along with the sexually violent predator specifications, thus reducing Ortiz's maximum potential prison sentence from multiple life terms to 18 years. Therefore, defense counsel obtained a reasonable plea bargain for Ortiz.

**{¶24}** Upon review, we find that the court held a hearing on Ortiz's motion and gave full and fair consideration to Ortiz's request. Furthermore, we find nothing in the record to show that the court abused its discretion by denying Ortiz's pro se oral motion to withdraw his guilty plea when he was represented by counsel and the court had previously told him that hybrid representation was not recognized. Additionally, we find that Ortiz failed to offer a reasonable or legitimate basis to withdraw his plea; therefore, he cannot show that he was prejudiced by his counsel's performance. Accordingly, Ortiz's first and second assigned errors are overruled.

## Court Costs and Fines

**{¶25}** The court's sentencing journal entry, which is dated June 14, 2016, differs from the sentence imposed in open court on June 7, 2016. According to the journal entry, Ortiz was ordered to pay costs "in an amount equal to the costs of this prosecution," along with a $500 fine. At the sentencing hearing, however, the court imposed $500 in costs and no fine.

**{¶26}** The state concedes error on these two issues, but the parties disagree on the remedy. As to costs, Ortiz argues that the "sentencing entry should be corrected to limit the judgment against him to $500." The state, on the other hand, argues that this case should go back to the trial court on a limited remand to allow Ortiz "to move the court for a waiver of payment of court costs." *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 23.

**{¶27}** As to fines, Ortiz argues that because the court failed to impose a fine at the sentencing hearing, any reference to a fine in the sentencing journal entry should be vacated. The state, on the other hand, argues that the trial court should issue a nunc pro tunc entry "to reflect that the $500 fine imposed [is] actually court costs * * *."

**{¶28}** "[A] nunc pro tunc entry is properly used to show what actually happened in the court as supported by the record." *State v. Bonnell,* 8th Dist. Cuyahoga No. 102630, 2015-Ohio-4590, ¶ 16. For example, a nunc pro tunc may be used "to correct mathematical calculations and to correct typographical or clerical errors." *State v. Greulich*, 61 Ohio App.3d 22, 24, 572 N.E.2d 132 (9th Dist.1988). *See also State v. Larson*, 8th Dist. Cuyahoga No. 97894, 2012-Ohio-3157 (affirming the use of a nunc pro

tunc entry to include costs when the court ordered the defendant to pay costs as part of his sentence).

**{¶29}** Accordingly, Ortiz's third and fourth assigned errors are sustained. This case is remanded to the trial court for the limited purpose of issuing a nunc pro  tunc entry correcting what appears to be a typographical error in the June 14, 2016 sentencing journal entry. The court ordered Ortiz to pay $500 in court costs. The court did not order Ortiz to pay a fine. Furthermore, Ortiz may seek a waiver of court costs pursuant to R.C. 2947.23(C), which states that the court retains jurisdiction to waive the payment of court costs "at the time of sentencing or at any time thereafter."

**{¶30}** Convictions affirmed. Case remanded for the limited purpose of issuing a nunc pro tunc entry regarding court costs and fines and allowing Ortiz to seek waiver of court costs.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON,   JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR